Richard G. Grant
Tex. Bar No. 08302650
CM LAW PLLC
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
DEBTOR IN POSSESSION

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| P4 EXECUTIVE INVESTMENTS LLC; § | Case No. 25-43393-11 | |
| TWS SERVICE CORPORATION; § | Case No. 25-43394-11 | |
| CAPITAL WHOLESALE GROUP, LLC[1] § | Case No. 25-43395-11 | |
| § | (Joint Administration Requested) | |
| Debtors. § | Chapter 11 | |
| § | | |
| CAPITAL WHOLESALE GROUP, LLC; § | | |
| TWS SERVICE CORPORATION; AND § | | |
| P4 EXECUTIVE INVESTMENTS, LLC, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Adv. No. _____ | |
| § | | |
| VERABANK, N.A., § | | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Plaintiffs Capital Wholesale Group, LLC ("CWG"), TWS Service Corporation ("TWS")

and P4 Executive Investments LLC ("P4") (collectively, "Debtors" or "Plaintiffs"), as debtors

---

[1] The debtors are P4 Executive Investments LLC (EIN ***0261); TWS Service Corporation
(EIN ***7055); Capital Wholesale Group, LLC (EIN ***2764).

and debtors in possession in the above captioned bankruptcy case, files this *Plaintiff's Original Complaint* against VeraBank, N.A. ("VeraBank") and would respectfully show the Court the following:

## I.
## PROCEDURAL BACKGROUND, JURISDICTION AND VENUE

1. On September 7, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11, Subchapter V, of the Bankruptcy Code, thereby initiating the Bankruptcy Case and creating their bankruptcy estates (collectively, the "Estate").

2. The Debtors remains in possession of the Estate. No trustee or examiner has been appointed. No Subchapter V Trustee has yet been appointed.

3. The Court has jurisdiction over this Complaint under 28 U.S.C. §§ 1334 and 1452. Such jurisdiction is core under 28 U.S.C. § 157(b)(2). To the extent that any matter in this Adversary Proceeding is not core, the Debtor consents to this Court's entry of a final judgment over any and all such matters.

4. Venue of this Adversary Proceeding before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## II.
## PARTIES

5. Plaintiff Capital Wholesale Group, LLC is a Texas limited liability company. Its principal office is located at 3600 W. Marshall Avenue, Longview, TX 75604.

6. Plaintiff TWS Service Corporation is a Texas corporation. Its principal office is located at 3600 W. Marshall Avenue, Longview, TX 75604.

7. Plaintiff P4 Executive Investments LLC is a Texas limited liability company. Its principal office is located at 3600 W. Marshall Avenue, Longview, TX 75604.

8. VeraBank, N.A. is a national association. Its principal place of business is 201 W. Main Street, Henderson, TX 75652-3106. Its registered agent is Andrew Cawthon, 201 W. Main Street, Henderson, TX 75652. Pursuant to Federal Rule of Bankruptcy Procedure 7004(b), VeraBank may be served with process in this Adversary Proceeding by and through its registered agent.

### III.
### FACTS

9. P4 purchases, owns, develops leases and sells real estate. P4 owns a 114 acres unimproved property, a 113 acre improved property, and a 7 acre property with improvements under construction. P4 currently has no direct employees. P4's secured creditors include VeraBank, N.A. ("VeraBank") asserting two real estate mortgages (approximately $650,000 (comprised of 3 separate loans) and $255,000, respectively) and Legacy Ag Credit ("Legacy Ag") asserting a single real estate mortgage (approximately $750,000). P4 generates minimal cash flow and has minimal operating expenses.

10. TWS owns and leases Class 8 tractor trucks/trailers (18 wheelers). TWS owns no real property. TWS currently owns 11 rigs and 11 trailers under lease to LaTexo Transport, LLC ("LaTexo"), an unaffiliated entity. The agreements with LaTexo generate approximately $35,000/month in EBITDA. TWS has no direct employees. The rigs are financed with secured claims of VeraBank; Ally Financial ("Ally"), PACCAR, Inc. ("PACCAR") and Tandem Finance ("Tandem").

11. CWG purchases and sells passenger vehicles on a wholesale (auction) and retail (car lot) basis. CWG owns no real property and leases its primary business location. CWG has approximately 35 full time and 2 part time staff working as 1099 independent contractors. CWG

has inventory of vehicles in various stages of acquisition, marketing and sale. Prior to July, 2025, CWG had net revenue of approximately $100,000/month.

12. On June 20, 2025 (79 days prepetition), VeraBank filed its first UCC1 financing statement against CWG, indicating a security interest in approximately 9 vehicles, not including proceeds.

13. On August 1, 2025 (37 days prepetition), VeraBank filed an amendment to its UCC1, asserting a security interest in "all vehicle inventory," but not proceeds.

14. Subsequently, VeraBank requested possess of certain Certificates of Title held by CWG ("Car Titles") including, without limitation, the titles indicated on **Exhibit A** attached hereto, and took possession of at least 16 vehicles (the "Vehicles") including, without limitation, the Vehicles identified on **Exhibit B** attached hereto. Although without legal counsel at the time, CWG cooperated with the request. Subsequently, CWG requested return of the Car Titles and Vehicles, which were refused. VeraBank then froze the accounts of CWG at VeraBank. VeraBank refused to release upon request the frozen funds (the "Funds" and, collectively with the Car Titles and Vehicles, the "Property").

15. Multiple discussions were held between counsel for the Debtors and counsel for VeraBank regarding the situation and the potential for a workout agreement. VeraBank shut down any meaningful workout discussions other than one involving an agreement to place CWG in a receivership. The Debtors were not in payment default to VeraBank. VeraBank did not provide any notices of default, notices of intent to accelerate, or notices of acceleration, but indicated in an email to counsel for the Debtors that all of the loans of the Debtor were in default and had been, at some point in the past, accelerated.

16. On August 18, 2025 (20 days prepetition), it filed a second amendment to its UCC1, asserting a security interest in additional categories of collateral, including accounts, but not equipment or proceeds.

17. On August 20, 2025, VeraBank secretly filed a petition (the "State Court Action") in County Court at Law 2 in Gregg County, Texas naming Car Giant, Martin and certain of his affiliates, the Debtors and an affiliate, myself individually and my wife. VeraBank did not provide any notice of the filing to the Debtors or to counsel for the Debtors. VeraBank obtained an ex parte Writ of Sequestration on certain vehicles. VeraBank did not attempt service of process until almost two weeks after the case filing. VeraBank requested a prejudgment receiver on an ex parte basis, which was set for hearing on Monday September 8, 2025.

18. For the foregoing reasons, the Debtors assert the following causes of action.

## V.
## CAUSES OF ACTION

### COUNT 1:
### Turnover Under 11 U.S.C. § 542(a)

19. Plaintiffs realleges and incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

20. Plaintiffs are the Debtors-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

21. Pursuant to 11 U.S.C. § 541, upon the filing of the bankruptcy petition, all legal and equitable interests of the debtor in property became property of the bankruptcy estate.

22. Defendant, VeraBank, is in possession, custody, or control of the Property, which constitutes property of the estate of the Debtors, including, without limitation, the Car Titles, the Vehicles and the Funds.

23. The Debtors may use the Property under section 363 of the Bankruptcy Code. Among other things, the Debtors may use the Property in its business, and has a need for the same, and the Debtor may sell the Property and obtain the equity therein.

24. The property is not exempt under 11 U.S.C. § 522 and is not of inconsequential value or benefit to the estate.

25. Under 11 U.S.C. § 542(a), any entity in possession, custody, or control of property that the trustee may use, sell, or lease under § 363 shall deliver such Property to the trustee and account for such property.

26. The turnover statute is self-effectuating.

27. Despite demand, Defendant has failed and refused to turn over the Property to the estate.

28. Plaintiffs are entitled to and request an order compelling Defendant to immediately turn over the property to the estate and to account for its use or disposition.

## COUNT 2:
## Avoidance of Preferential Transfer under 11 U.S.C. §547(b)

29. Plaintiff CWG realleges and incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

30. Plaintiff CWG is the Debtor-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

31. During the 90 day period prior to the Petition Date, Defendant VeraBank allegedly perfected a security interest in property of the estate consisting of vehicles, inventory and the proceeds thereof by filing a UCC-1 financing statement or recording lien on certificate of title.

32. The perfection of the security interest constituted a transfer of an interest in property of the debtor under 11 U.S.C. § 101(54).

33. The transfer occurred to or for the benefit of a creditor; for or on account of an antecedent debt owed by the Debtor before the transfer was made; made while the Debtor was insolvent; within 90 days before the filing of the bankruptcy petition (or within one year if the creditor is an insider); and enabled the creditor to receive more than it would have received in a Chapter 7 liquidation had the transfer not been made.

34. Pursuant to 11 U.S.C. § 547(b), the transfer is avoidable as a preference.

## COUNT 3:
## Avoidance of Fraudulent Transfer Under 11 U.S.C. § 548

35. Plaintiffs realleges and incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

36. Plaintiffs are the Debtors-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

37. VeraBank asserts that Plaintiffs TWS and P4 executed loan documents within two years prior to the filing of the bankruptcy petition in favor of VeraBank.

38. These instruments, to the extent related to purchase of vehicles by CWG or Car Giant, constituted a transfer of an interest in property and/or the incurrence of an obligation under 11 U.S.C. § 548(a)(1).

39. The transfer and/or obligation was constructively fraudulent under 11 U.S.C. § 548(a)(1)(B)).

40. Plaintiffs TWS and P4 received less than reasonably equivalent value in exchange for the transfer or obligation and were insolvent at the time or became insolvent as a result.

41. Plaintiffs seek to avoid the transfer or obligation under § 548 and recover the property or its value under 11 U.S.C. § 550.

42. The Debtor in Possession also seeks any additional relief deemed just and proper by the Court.

### COUNT 4:
### Determination of Validity, Priority, and Extent of Secured Claim
### (Pursuant to 11 U.S.C. § 506 and Fed. R. Bankr. P. 7001(2))

43. Plaintiff CWG realleges and incorporates by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

44. Plaintiff CWG is the Debtor-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

45. Defendant asserts a secured claim against property of the estate, based, inter alia, on the Loan Documents.

46. Plaintiff seeks a determination of:

    a. The validity of the liens and security interests asserted by Defendant.

    b. The priority of Defendant's liens and security interests relative to other claims.

    c. The extent of the liens and security interests, including the value of the collateral securing the claim.

47. Pursuant to 11 U.S.C. § 506(a), a claim is secured only to the extent of the value of the collateral. Any amount exceeding the collateral's value is unsecured.

48. Plaintiff alleges that:

    a. The collateral, if any, with respect to any particular loan, may have a fair market value less than the value of Defendant's claim.

    b. Defendant's lien may be subordinate to other liens or improperly perfected.

    c. The lien may be invalid due to failure to property perfect in the stated collateral.

49. Plaintiffs request an order of this court determining the validity, priority and extent of the liens and security interests held by Defendant.

## COUNT 5:
## Conversion

50. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

51. Plaintiffs are the Debtors-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

52. When VeraBank failed to return the Property upon request, the applicable Debtor was entitled to possession of the Property. As a result, VeraBank assumed and exercised dominion and control over the Property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with Plaintiffs' rights. Despite Plaintiffs' demand for the property, VeraBank does, and continues to refuse to return the Property.

53. As a result, Plaintiffs are entitled to return of its respective Property, plus pre-judgment and post-judgment interest.

## COUNT 6:
## Request for Injunctive Relief

54. Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

55. Plaintiffs are the Debtors-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

56. Plaintiffs seek injunctive relief to prevent VeraBank to continue to possess property of the estates which is causing and will continue to cause irreparable harm.

57. Plaintiffs has no adequate remedy at law, as monetary damages alone cannot compensate for the harm caused by Defendant's actions, including loss of sales, loss of profits, consequential damages, loss of goodwill, and interference with property rights.

58. Plaintiff has a probable right to recovery on its underlying claims and has demonstrated a substantial likelihood of success on the merits.

59. Defendant's conduct is imminent and ongoing, and unless enjoined, Plaintiffs will suffer irreparable injury that is relatively certain to occur, not speculative or remote.

60. Plaintiff requests that the Court issue:

    a. A Temporary Restraining Order (TRO) to order the turnover of the Property.

    b. A Temporary Injunction following a hearing, to remain in effect until final judgment.

    c. A Permanent Injunction upon final judgment, prohibiting Defendant from retaining property of the estate.

61. Plaintiff is not required to post a bond under Federal Rule of Civil Procedure 65(c).

62. Plaintiff requests that the Court:

    a. Set a hearing on the application for temporary injunction.

    b. Grant any other relief the Court deems just and proper.

## COUNT 7:
### Declaratory Judgment
### (Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57)

63.  Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 17 as if fully set forth herein.

64.  Plaintiffs are the Debtors-in-Possession with the rights and obligations of a trustee in this Chapter 11 case.

65.  An actual, justiciable controversy exists between Plaintiffs and Defendant concerning the rights and obligations of the parties under the Loan Documents.

66.  Plaintiff seeks a declaration from this Court to resolve uncertainty regarding the respective rights of Plaintiffs and VeraBank pursuant to such documents, specifically involving the existence of a default, the notices required, whether acceleration was properly conducted, and whether any sale of the Property was properly conducted.

67.  Plaintiffs are suffering, and will continue to suffer, harm due to the unresolved legal status of the matter, including financial loss, impaired business operations, or exposure to liability resulting from the uncertainty and VeraBank's conduct.

68.  The controversy is ripe for adjudication, and Plaintiff has a legally protectable interest in obtaining a declaration of rights.

69.  Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction to "declare the rights and other legal relations of any interested party seeking such declaration."

## VI.    PRAYER

WHEREFORE, Plaintiff requests that the Court enter a judgment:

    a.  Declaring the rights and legal relations of the parties as set forth above.

    b.  Awarding costs and attorney's fees as permitted by law.

    c.  Compelling Defendant to immediately turn over the Property to the estate;

      d.      Requiring Defendant to account for the use or disposition of the Property;

      e.      Avoiding the transfer of the Property and security interests under § 547(b);

      f.      Avoiding the transfer or obligation under § 548 and recover the property or its value under 11 U.S.C. § 550.

      g.      Preserving the avoided transfers for the benefit of the estate under § 551;

      h.      Determine the validity of Defendant's liens and security interests.

      i.      Establish the priority of Defendant's claim relative to other creditors.

      j.      Ascertain the extent of the secured claim, including the value of the collateral.

      k.      Declare any portion of the claim exceeding the collateral's value as unsecured.

      l.      pre-judgment and post-judgment interest at the highest rate allowed by law;

      m.      all reasonable and necessary attorneys' fees and expenses;

      n.      all costs of court; and

      e.      all other relief, general or special, at law or in equity, to which Plaintiffs may be justly entitled.

Dated: September 8, 2025

Respectfully Submitted,

CM LAW PLLC

By:    /s/ Richard Grant
       Richard G. Grant
       Tex. Bar No. 08302650

National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR
DEBTORS IN POSSESSION

# **EXHIBIT A**
# **CAR TITLES**

| Vehicle Description | VIN |
|---|---|
| 1993 Ska Camper | 1SK11F24XP24C9098 |
| 1997 Chevy Camaro | 2G1FP32P0V2134958 |
| 1999 Trailmobile Trl | 1PT01ACH8X9012987 |
| 1999 Utility Reefer Trl | 1UYVS2530XU858121 |
| 2000 Great Dane Trl | 1GRAA0628YB123707 |
| 2000 Western Star 4900 | 2WKPDDCJ9YK960170 |
| 2001 Utility Reefer Trl | 1UYVS25391M305121 |
| 2001 Utility Reefer Trl | 1UYVS25361M305304 |
| 2002 Utility Reefer Trl | 1UYVS253X2M814104 |
| 2002 Utility Reefer Trl | 1UYVS25392M305511 |
| 2003 Wabash Trl | 1JJV532W93L847667 |
| 2005 Western Star 4900ex | 5KJJABAV85PN76170 |
| 2005 Westernstar | 5KJJABCK05PN91068 |
| 2006 Westernstar 4900 | 5KJJABCK36PV96282 |
| 2007 Buick Rendezvous | 3G5DA03L87S536175 |
| 2007 Peterbilt 379 | 1XP5DB9X47D670089 |
| 2011 BMW 550 | WBAFR9C54BC758563 |
| 2011 Nissan Maxima | 1N4AA5AP5BC846285 |
| 2013 Chevy Express Van | 1GAZGYFG0D1171796 |
| 2013 GMC Sierra 1500 | 3GTP2XE22DG288018 |
| 2013 Mazda Cx9 | JM3TB2CA2D0404471 |
| 2013 Nissan Sentra | 3N1AB7AP6DL694384 |
| 2013 Peterbilt | 1XPXD49X3DD162907 |
| 2014 Dodge Charger | 2C3CDXHG0EH347346 |
| 2014 Ford F150 | 1FTFW1ET4EFB73039 |
| 2014 Nissan Versa | 3N1CN7APSEL848469 |
| 2015 Ford Escape | 1FMCU0JX6FUC04392 |
| 2015 Ford Fusion | 3FA6P0HD8FR224211 |
| 2015 Ford Transit Van | 1FBZX2ZM4FKA97029 |
| 2015 Heil PNE Sand Trl | 5HTSN4227F7T94382 |
| 2015 Hyundai Elantra | KMHDH4AH1FU325551 |
| 2015 Jeep Patriot | 1C4NJRBB9FD155038 |
| 2015 Nissan Sentra | 3N1AB7AP3FL639460 |
| 2015 Pull FB Trailer | 1P9BG4029FK730148 |
| 2016 Chevy Malibu | 1G1ZE5ST3GF190356 |
| 2016 Chevy Trax | 3GNCJKSB7GL159798 |
| 2016 Ford Fiesta | 3FADP4BJ8GM188421 |
| 2016 Ford Fusion | 3FA6P0H77GR257762 |
| 2016 GMC Sierra 2500 | 1GT12UE83GF104915 |
| 2016 GMC Yukon | 1GKS1CKJ4GR242572 |
| 2016 GMC Yukon | 1GKS1HKJ2GR432948 |
| 2016 Honda Pilot | 5FNYF5H8XGB017781 |
| 2016 Mazda Cx5 | 724964 |

| | |
|---|---|
| 2017 Chevy Silverado 1500 | 3GCUKSEC0HG337267 |
| 2017 Chevy Silverado 1500 | 1GCRCREC8HZ268615 |
| 2017 Jeep Wrangler | 1C4BJWCG1HL711234 |
| 2017 Mercedes Benz | WDC0J4KB8HF260393 |
| 2017 Nissan Rogue | 5N1AT2MV8HC782373 |
| 2017 Nissan Rogue | KNMAT2MV3HP618929 |
| 2018 Audi Q5 | WA1BNAFY7J2096531 |
| 2018 Chevy 1500 | 1GCRCREH9JZ294710 |
| 2018 Chevy Silverado 1500 | 3GCUKREC8JG196480 |
| 2018 Ford Edge | 2FMPK3K92JBB74377 |
| 2018 Ford Escape | 1FMCU0F70JUD14615 |
| 2018 Ford Escape | 1FMCU0F71JUC06200 |
| 2018 Ford F150 | 1FTEW1EG7JFD58551 |
| 2018 Ford F150 | 1FTEW1EG4JKC19081 |
| 2018 Ford Fusion | 3FA6P0HD0JR265103 |
| 2018 Ford Fusion | 3FA6P0HD2JR213715 |
| 2018 GMC Canyon | 1GTG6CENXJ1205257 |
| 2018 Hyundai Tuscon | KM8J33AL7JU740009 |
| 2018 Keystone Camper | 4YDF42139JR800681 |
| 2018 Nissan Kicks | 3N1CP5CU2JL533480 |
| 2018 Subaru Outback | 4S4BSANC9J3386263 |
| 2019 Chevy Silverado 1500 | 1GCPWBEFXKZ177871 |
| 2019 Chevy Tahoe | 1GNSKAKC0KR103618 |
| 2019 Chrysler Pacifica | 2C4RC1BG4KR537543 |
| 2019 Dodge Durango | 1C4RDHAG9KC717360 |
| 2019 Ford Expedition | 1FMJU1LT2KEA73425 |
| 2019 Ford Flex | 2FMGK5C89KBA10322 |
| 2019 Ford Fusion | 3FA6P0HD8KR282619 |
| 2019 GMC Sierra 1500 | 3GTP8DED1KG218506 |
| 2019 GMC Yukon | 1GKS2HKJ7KR302119 |
| 2019 Honda Passport | 5FNYF7H56KB007355 |
| 2019 Jeep Compass | 3C4NJCBB4KT692613 |
| 2019 Nissan Altima | 1N4BL4DV3KC111453 |
| 2019 Nissan Sentra | 3N1AB7AP3KY318984 |
| 2020 Cadillac Escalade | 1GYS3HKJ5LR174810 |
| 2020 Chevy Silverado 1500 | 1GCPWBEH4LZ354806 |
| 2020 Chevy Tahoe | 1GNSCAKC4LR129668 |
| 2020 Ford Transit Van | 1FBAX2Y87LKA60943 |
| 2020 Jaguar Fpace | SADCJ2FX5LA645224 |
| 2020 Kia Optima | 5XXGT4L31LG424583 |
| 2020 Mitsubishi Outlander | JA4AD3A3XLZ023914 |
| 2020 Ram 1500 | 1C6SRFTT3LN185277 |
| 2020 Toyota Rav4 | 2T3F1RFV8LC123299 |
| 2021 Chevy Suburban | 1GNSKEKT5MR403441 |

| | |
|---|---|
| 2021 Chevy Tahoe | 1GNSKTKL5MR315400 |
| 2021 Chevy Tahoe | 1GNSCSKD7MR126697 |
| 2021 Chevy Trax | KL7CJKSB6MB307393 |
| 2021 Dodge Challenger | 2C3CDZAG7MH630752 |
| 2021 Ford Explorer | 1FMSK8DH8MGB98546 |
| 2021 GMC Yukon | 1GKS2JKLXMR149019 |
| 2021 GMC Yukon | 1GKS1DKL3MR127626 |
| 2021 Infiniti Qx50 | 3PCAJ5BBXMF119145 |
| 2021 Infinity QX80 | JN8AZ2BE5M9270698 |
| 2021 Ram 3500 | 3C63R3GL9MG601064 |
| 2021 VW Atlas | 1V2JR2CA1MC513416 |
| 2021 Wyat UT Trailer | 1W9GU4020ML364129 |
| 2022 Chevy Silverado 1500 | 1GC4YPE72NF133694 |
| 2022 Chevy Traverse | 1GNERFKW7NJ120029 |
| 2022 Ford Transit Van | 1FBAX2Y89NKA79190 |
| 2022 Ford Transit Van | 1FBAX2Y82NKA53644 |
| 2022 GMC Yukon | 295765 |
| 2022 Jeep Cherokee | 1C4RJJDG6N8556162 |
| 2022 Ram 3500 | 3C63RRGL3NG335741 |
| 2023 Cadillac Escalade | 1GYS4KKT0PR203048 |
| 2023 Peterbilt 389 | 1XPXD49X0PD891564 |
| 2023 Subaru Crosstrek | JF2GTAEC5PH203333 |
| 2024 Chevy 3500 | 1GB4YTEY4RF119453 |
| 2024 Chevy Equinox | 3GNAXMEG8RS159035 |
| 2024 GMC 2500 AT4 | 1GT49PEY1RF191193 |

**EXHIBIT B**
**VEHICLES**

| Vehicle Description | VIN |
|---|---|
| 2016 Ford Fiesta | 3FADP4BJ8GM188421 |
| 2016 GMC Yukon | 1GKS1HKJ2GR432948 |
| 2016 Mazda Cx5 | 724964 |
| 2018 Chevy 1500 | 1GCRCREH9JZ294710 |
| 2018 Nissan Kicks | 3N1CP5CU2JL533480 |
| 2019 Dodge Durango | 1C4RDHAG9KC717360 |
| 2019 GMC Sierra 1500 | 3GTP8DED1KG218506 |
| 2019 Honda Passport | 5FNYF7H56KB007355 |
| 2019 Nissan Sentra | 3N1AB7AP3KY318984 |
| 2020 Jaguar Fpace | SADCJ2FX5LA645224 |
| 2020 Kia Optima | 5XXGT4L31LG424583 |
| 2021 Chevy Suburban | 1GNSKEKT5MR403441 |
| 2021 VW Atlas | 1V2JR2CA1MC513416 |
| 2022 Chevy Traverse | 1GNERFKW7NJ120029 |
| 2022 GMC Yukon | 295765 |